UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**ABRAHAM A AUGUSTIN,**

      **Plaintiff,**

v.                                                 Case No.  5:23-cv-298-CEM-PRL

**L LONDONO, J ROBINS, and S. SALEM,**

      **Defendants.**

                                               /

**ORDER**

THIS CAUSE is before the Court on Plaintiff Abraham Augustin's Civil Rights Complaint ("Complaint," Doc. 1) filed under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff, who is incarcerated at the Federal Correctional Complex Coleman – Medium in Coleman, Florida, is proceeding *pro se* and was granted leave to proceed as a pauper. (Doc. 6).

Pursuant to 28 U.S.C. § 1915A(a), federal courts are obligated to screen certain civil suits brought by prisoners to determine whether they should proceed. Upon review, a court is required to dismiss a complaint (or any portion thereof) in the following circumstances:

> (b)    Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

>   (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>   (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b). In addition, 28 U.S.C. § 1915(e) directs courts to dismiss actions which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The Court must read a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972).

Dismissals under 28 U.S.C. § 1915A(b) for failure to state a claim are governed by the same standard as Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). Under Rule 12(b)(6), a complaint may be dismissed if the facts do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp v. Twombly*, 550 U.S. 544 (2007). A complaint is also subject to dismissal under Rule 12(b)(6) "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003).

Plaintiff has filed suit against (1) L. Londono, a Correctional Systems Officer, (2) J. Robins, the Mail Room Supervisor, and (3) Warden S. Salem. (Doc. 1). He asserts that the Defendants violated his First and Fifth Amendment rights when the mail room failed to follow protocol when it rejected and returned his medical file,

on a compact disc ("CD"), that was sent by the Veteran's Administration ("VA"). He further claims his rights were violated when he complied with the prison's protocols and had the VA resend the CD, but it was again rejected and returned.

## I. DISCUSSION

### A. Official Capacity

As an initial matter, *Bivens* claims can only be brought against federal officers in their individual capacities; they do not apply to federal officers acting in their official capacities. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61 (2001); *Vasquez v. Cheatham*, No. 5:21-cv-489-WFJ-PRL, 2021 WL 5826236, at *2 (M.D. Fla. Dec. 8, 2021). As such, Plaintiff's claims against Defendants in their official capacities are due to be dismissed for failure to state a claim.

### B. Existence of *Bivens* Remedy

Under *Bivens*, injured plaintiffs can bring a cause of action against federal officers based on violations of their constitutional rights. *Behrens v. Regier*, 422 F.3d 1255, 1263 n.15 (11th Cir. 2005). But the Supreme Court disfavors the expansion of *Bivens* beyond the three specific contexts[1] in which it has already been applied. *Ziglar v. Abassi*, 137 S. Ct. 1843, 1857 (2017). The Supreme Court also held that,

---

[1] *Bivens* has been applied in the context of a Fourth Amendment case involving an unreasonable search and seizure, a Fifth Amendment gender-discrimination case, and an Eighth Amendment case involving cruel and unusual punishment for denial of medical treatment. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854–55 (2017).

generally, *Bivens* will not be extended to a new context where special factors counsel hesitation with no affirmative action by Congress. *Id*. at 1857. Although the Supreme Court did not define "special factors counseling hesitation," it stated that "inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Id*. at 1857–58.

### 1. First Amendment Claim

Plaintiff claims that Londono violated his First Amendment rights by obstructing the delivery of his mail. The Supreme Court has repeatedly confirmed that it has not extended a *Bivens* remedy to First Amendment claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (noting that it has previously "declined to extend *Bivens* to a claim sounding in the First Amendment"); *Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012) ("We have never held that *Bivens* extends to First Amendment claims."); *Egbert v. Boule*, 142 S. Ct. 1793, 1807 (2022) (same). Thus, Plaintiff's claim arises in a new context, because it differs in a meaningful way from the three existing *Bivens* cases decided by the Supreme Court. *Ziglar*, 137 S. Ct. at 1859.

Because this is a new *Bivens* context, the Court must consider whether there are special factors counseling hesitation. For the reasons discussed below, there are special factors weighing against such an extension in this case, and therefore the

Court will decline to create an implied damages remedy for Plaintiff's First Amendment claim here.

The Bureau of Prison's Administrative Remedy ("AR") process, which was available to Plaintiff, provided him an alternate means of relief that forecloses extension of a *Bivens* remedy. *Ziglar*, 157 S. Ct. at 1858. Even if Plaintiff's allegations that the AR process was unavailable to him,[2] other factors counsel hesitation. As the Supreme Court noted in *Ziglar*, Congress had the occasion to consider the matter of prisoner abuse but chose not to create a standalone damages remedy against federal prison staff. *Id*. at 1865. Thus, there are sound reasons to think that Congress might doubt the efficacy or necessity of a damages remedy for claims of prisoner abuse. *Id*. at 1858. Additionally, separation of powers concerns further counsel hesitation, as the Eleventh Circuit has recognized that prison administration is best left to the legislative and executive branches of government. *Pesci v. Budz*, 730 F.3d 1291, 1296 (11th Cir. 2013) (recognizing that prison administration "is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government."). Thus, there is reason to believe that the judiciary is not well suited to consider and weigh the costs

---

[2] Plaintiff claims that his appeal to the Central Office, the final step in the AR process, was input incorrectly causing it to be rejected. *See* Doc. 2 at 3–4.

and benefits of allowing a damages action to proceed in this case. *Ziglar*, 137 S. Ct. at 1857–58.

Therefore, Plaintiff's allegations fail to state a claim upon which relief may be granted.

### 2. Fifth Amendment Claim

Plaintiff claims that the Defendants violated his Fifth Amendment right to due process by relying "on unwritten policies and practices that exceed the restrictions of BOP regulations regarding the process of incoming mail and its rejection." (Doc. 2 at 8). This due process claim is distinct from the gender discrimination claim arising under the Fifth Amendment in *Davis v. Passman*, 442 U.S. 228 (1979). And there are indeed special factors counseling hesitation, as discussed above, in extending *Bivens* to Plaintiff's Fifth Amendment claims. Therefore, Plaintiff's allegations fail to state a claim upon which relief may be granted.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).
2. The Clerk of Court shall close this case.

**DONE** and **ORDERED** in Orlando, Florida on September 5, 2023.



Copies furnished to:

Unrepresented Party